# ARBITRATION AGREEMENT

This Arbitration Agreement ("Agreement") is entered into between ABC Phones of North Carolina, Inc. ("Company") and the employee named below ("Employee") (collectively, the "parties"). In consideration of Employee's employment or continued employment, the parties agree as follows:

1. **Mutual Agreement to Arbitrate Certain Claims and Disputes**. Company and Employee mutually agree to arbitrate before a neutral arbitrator (the "Arbitrator") any and all disputes or claims by and between Employee, on the one hand, and Company, its parent, subsidiary, and affiliated corporations and entities, and each of their present and former officers, directors, agents, and employees (the "Company Parties"), on the other hand, including but not limited to any and all claims arising from or relating to Employee's recruitment, hiring, and employment, the termination of that employment, and any claims arising post-employment, including claims by or against the Company Parties, whether such disputes or claims arise in tort, in contract, or under a statute, regulation, or ordinance now in existence or that may in the future be enacted or recognized, including but not limited to the following claims:

   a. Claims for fraud, promissory estoppel, fraudulent inducement of contract, or breach of contract or contractual obligation, whether such alleged contract or obligation be oral, written, or express or implied by fact or law;

   b. Claims for wrongful termination of employment, violation of public policy, constructive discharge, infliction of emotional distress, misrepresentation, interference with contract or prospective economic advantage, defamation, unfair business practices, and any other tort or tort-like causes of action relating to or arising from the employment relationship or the formation or termination thereof, including any claims under state, federal, or local law or regulations;

   c. Claims for discrimination, harassment, or retaliation, and failure to prevent the same, under any and all federal, state, or local laws, regulations, or ordinances that prohibit discrimination, harassment, or retaliation in employment, as well as claims for violations of any other federal, state, or local law, regulation, or ordinance, except as set forth herein;

   d. Claims for nonpayment or incorrect payment of compensation and benefits, including, but not limited to, claims for salary, wages, overtime, premium pay, commissions, bonuses, severance, meal and rest periods, penalties, employee fringe benefits, stock options, and the like, whether such claims derive from alleged express or implied contract or obligation, equity, the California Labor Code, the California Business and Professions Code, the Fair Labor Standards Act, the Employee Retirement Income Securities Act (ERISA), or any other federal, state, or municipal laws concerning wages, compensation, or employee benefits;

ARBITRATION AGREEMENT

e.  Claims relating to the misappropriation of trade secrets or confidential information, breach of duty, unfair competition, or other similar claims;

f.  Claims arising out of or relating to the grant, exercise, vesting, or issuance of equity in Company or options to purchase equity in Company; and

g.  All other claims arising by and between Employee and the Company Parties or any of them.

Employee and Company understand and agree arbitration of the disputes and claims covered by this Agreement will be the sole and exclusive method of resolving any and all existing and future disputes or claims arising by and between the parties.

Employee and Company further understand and agree (i) claims for workers' compensation benefits, unemployment insurance, or state or federal disability insurance, (ii) claims or disputes expressly excluded from arbitration by a federal statute, (iii) claims expressly required to be arbitrated under a different procedure in accordance with the terms of an employee benefit plan and (iv) criminal investigation and prosecution related to Employee fraud, theft or similar acts and statutory civil demand remedies related thereto are not covered by this Agreement and will therefore be resolved in another appropriate forum.

Employee and Company also understand and agree nothing in this Agreement should be interpreted as restricting or prohibiting Employee from filing a charge or complaint with a federal administrative agency charged with investigating or prosecuting complaints under any applicable law or regulation, including, but not limited to, the Equal Employment Opportunity Commission or National Labor Relations Board. However, any dispute or claim not resolved through the federal agency will be submitted to arbitration in accordance with this Agreement.

2.  **Final and Binding Arbitration**. Employee and Company understand and agree the arbitration of disputes and claims under this Agreement will be instead of a trial before a court or jury. Employee and Company further understand Employee and Company are expressly waiving any and all rights to a trial before a court or jury regarding any and all disputes and claims they now have or may in the future have that are subject to arbitration under this Agreement, provided, however, nothing in this Agreement prohibits either party from seeking provisional remedies in court in aid of arbitration including temporary restraining orders, preliminary injunctions, and other provisional remedies.

3.  **Arbitration Procedures**. A demand for arbitration by either Employee or Company will be filed and served on the opposing party within the statute of limitation applicable to the claim(s) on which arbitration is sought or required. Any failure to demand arbitration within this time frame and according to this Agreement will constitute a waiver of all rights to raise any claims in any forum arising out of any dispute subject to arbitration to the same extent such claims would be barred if the matter proceeded in court (along with the same defenses to such claims).

Any controversy or claim arising out of or relating to Employee's employment, including but not limited to disputes arising out of or related to the Employment Agreement,

ABC - 000063

**ARBITRATION AGREEMENT**

Confidentiality Agreement and this Arbitration Agreement, as well as disputes specified in Paragraph 1, shall be settled and finally resolved by binding arbitration administered by the American Arbitration Association under its Employment Arbitration Rules and Mediation Procedures and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. (A copy of the rules of the American Arbitration Association may be obtained at the American Arbitration Association website at https://www.adr.org/aaa/faces/home.)

In any arbitration under this Agreement, the Arbitrator will allow reasonable discovery to prepare for arbitration of any claims. At a minimum, the Arbitrator will allow discovery authorized or permitted by the rules of American Arbitration Association and such other discovery required by law in arbitration proceedings. Employee and Company also agree nothing in this Agreement relieves either party from any obligation. The parties may be required to exhaust applicable administrative remedies before arbitrating any claims or disputes under this Agreement.

The Arbitrator will allow the parties to file dispositive motions, including but not limited to motions for summary judgment, partial summary judgment, and summary adjudication of issues.

CLASS ACTION WAIVER: Both the Company and Employee agree to bring any dispute in arbitration on an individual basis only, and not on a class, collective, or private attorney general representative basis. There will be no right or authority for any dispute to be brought, heard or arbitrated as a class, collective, representative, or private attorney general action, or for either party to be a participant in any purported class, collective, representative, or private attorney general proceeding, including without limitation pending but not certified class actions. (Hereafter, this agreement will be referred to as the Class Action Waiver.) Disputes regarding the validity and enforceability of this Class Action Waiver may be resolved only by a civil court of competent jurisdiction and not by an arbitrator. In any case in which (1) the dispute is filed as a class, collective, representative, or private attorney general action and (2) a civil court of competent jurisdiction finds all or part of the Class Action Waiver unenforceable, the class, collective, representative, and/or private attorney general action to that extent must be litigated in a civil court of competent jurisdiction, but the portion of the Class Action Waiver that is enforceable will be enforced in arbitration.

Although an Employee will not be retaliated against, disciplined, or threatened with discipline as a result of his or her exercising rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class, collective, or representative action in any forum, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver under the Federal Arbitration Act, and seek dismissal of such class, collective, or representative actions or claims.

The Arbitrator will issue a written reasoned award that sets forth the essential findings and conclusions on which the award is based. The Arbitrator will have the authority to award any and all relief authorized by applicable law in connection with the asserted claims or disputes. The Arbitrator's award will be subject to correction,

3

ABC - 000064

ARBITRATION AGREEMENT

confirmation, or vacation, as provided by any applicable law setting forth the standard of judicial review of arbitration awards.

4. **Place of Arbitration.** The arbitration will take place at office of the American Arbitration Association located within the county in which Employee is or was last employed by Company at the time the arbitrable dispute or claim arose, or if no such office exists, within the office of the American Arbitration Association closest to the location where Employee is or was last employed at the time the arbitrable dispute or claim arose, or any such other location to which the parties and the American Arbitration Association might agree.

5. **Governing Law.** This Agreement and its validity, construction, and performance will be governed by the Federal Arbitration Act (the "FAA") and cases decided thereunder and, to the extent relevant, the laws of the State of California. Further, the terms and procedures governing the enforcement of this Agreement will be governed by and construed and enforced in accordance with the FAA, and not individual state laws regarding enforcement of arbitration agreements.

6. **Costs of Arbitration and Recovery of Attorney Fees.** The costs of arbitration, including the Arbitrator's fees, will be allocated and paid in accordance with then-applicable law. If required by applicable law, Company will pay all of the Arbitrator's fees and the arbitration-related costs. If, however, under applicable law, Company is not required to pay all of the Arbitrator's fees and the arbitration-related costs, such fees and costs will be apportioned between the parties by the Arbitrator in accordance with applicable law, and, if applicable law is silent on this issue, such arbitration fees and costs will be allocated between and paid equally by Company and Employee.

Except as otherwise required under applicable law, Company and Employee will each pay their own attorney fees and costs incurred in connection with the arbitration. However, the Arbitrator will not have authority to award attorney fees and costs to the prevailing party unless a statute or contract at issue in the dispute authorizes the award of attorney fees and costs to the prevailing party, in which case the Arbitrator will have the authority to make an award of attorney fees and costs to the same extent available under applicable law. If there is a dispute regarding whether Company or Employee is the prevailing party in the arbitration, the Arbitrator will decide this issue.

7. **Severability.** If any term or portion of this Agreement will, for any reason, be held to be invalid or unenforceable or to be contrary to public policy or any law, then the remainder of this Agreement will not be affected by such invalidity or unenforceability but will remain in full force and effect, as if the invalid or unenforceable term or portion thereof had not existed within this Agreement.

8. **Complete Agreement.** This Agreement contains the complete agreement between Company and Employee regarding the subjects covered in it. It supersedes any and all prior representations and agreements between Company and Employee, if any, and may be modified only in a writing expressly referencing this Agreement and issued by the Company's President. If any modification has not been signed by Employee but Employee

ABC - 000065

**ARBITRATION AGREEMENT**

continues to accept employment or other benefits from Company after having notice of the modification, the modification will become effective after a reasonable period.

9. **No Alteration of At-Will Employment.** Employee's employment with Company is and will be at all times on an at-will basis, and Company or Employee may terminate Employee's employment at any time, for any reason, with or without cause or advance notice. Nothing in this Agreement creates or is intended to create an express or implied contract for employment or continuing employment, nor does this Agreement otherwise modify, negate, or affect the at-will nature of Employee's employment with Company.

10. **Knowing Acceptance of Agreement.** This Agreement is binding on Employee and Company regardless of whether Employee signs below and without the need for Company to sign it. However, by signing below, Employee acknowledges Employee has read this Agreement or had the opportunity to do so (including, as the case may be, having someone read this Agreement to Employee in a translated form). Employee understands Employee and Company are waiving all rights to a trial or hearing before a court or jury of any and all disputes and claims subject to arbitration under this Agreement. It is intended this Agreement will at all times apply to Company and will immediately apply to Employee on signing, or, if Employee refuses to sign this Agreement, this Agreement will apply to Employee within thirty (30) days after Employee has been provided with a copy of this Agreement and Employee continues with his or her employment with Company.

Date: _____         EMPLOYEE

                              _____
                              Name

Date: June 25, 2016           EMPLOYER

                              By: _____
                              Bryan Bevin
                              Chief Executive Officer

ABC - 000066